

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO.: 4:19-190-MGL |
| | § | |
| ISAAC JEROME MACK, | § | |
| Defendant. | § | |

---

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S SECOND MOTION TO REDUCE SENTENCE**

---

## I.    INTRODUCTION

Pending before the Court is Defendant Isaac Jerome Mack's (Mack) second pro se motion to reduce his sentence due to the COVID-19 pandemic. Having carefully considered the motion, the record, and the applicable law, it is the judgment of the Court Mack's motion to reduce his sentence will be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

The grand jury indicted Mack on two counts of knowingly, intentionally, and unlawfully possessing with intent to distribute and distributing a quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts One and Two); one count of knowingly possessing firearms and ammunition in commerce after having been convicted a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count Three); one count of knowingly, intentionally, and unlawfully possessing with intent to distribute a quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count Four); one count of knowingly using or carrying a firearm during and in relation to a

drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Five), and a forfeiture account.

On March 4, 2020, Mack pled guilty to Count One. The Court, on August 12, 2020, sentenced him to a term of 120 months, and, upon release, a term of supervised release for three years with standard and special conditions. The remaining counts were dismissed upon motion of the government, and the forfeiture provision was dismissed as well. Mack is currently housed at Federal Correctional Institution Edgefield (FCI Edgefield), and has a projected release date on or about November 7, 2026.

He filed this second motion seeking compassionate release due to the COVID-19 pandemic. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III. STANDARD OF REVIEW

A court may modify a term of imprisonment under only three specific circumstances. First, a court may modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence). Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

And third, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, permits modification of a term of imprisonment upon motion of the defendant after he "has fully

exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A)(i). If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission[,]" the Court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. *Id.* This statute also provides the Court must consider "the factors set forth in [S]ection 3553(a) to the extent that they are applicable[.]" *Id.*

The applicable Sentencing Commission policy statement referenced in Section 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)"). U.S.S.G. § 1B1.13 provides that the Court may reduce a term of imprisonment if the Court determines 1) "extraordinary and compelling reasons warrant the reduction,"; 2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g),"; and 3) "the reduction is consistent with this policy statement." U.S.S.G. §1B1.13. However, U.S.S.G. § 1B1.13 addresses motions for reductions that are filed by the Director of the BOP and it does not contain a policy statement that specifically addresses motions for reductions that are filed by an inmate defendant.

The Fourth Circuit recently issued a published opinion providing guidance on the arguments district courts can consider in determining whether "extraordinary and compelling" reasons exist to grant compassionate release. *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). In *McCoy*, the Fourth Circuit discerned "[t]here is of now no 'applicable' policy statement governing compassionate-release motions by defendants under the recently amended

§ 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). Ultimately, the determination of whether extraordinary and compelling reasons exist in a particular case is a question reserved to the sound discretion of the district court.

## IV.    DISCUSSION AND ANALYSIS

Mack fails to argue either of the first two scenarios is applicable. Rather, he moves for a sentence reduction solely on the basis of the third circumstance, alleging COVID-19, when considered with his underlying medical conditions, qualifies as an extraordinary and compelling reason to warrant relief.

Turning to the merits of Mack's motion, as discussed above, the Court may reduce a defendant's sentence if it concludes extraordinary and compelling reasons warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *McCoy*, 981 F.3d at 284. The Court must also consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

### A.    *Whether Mack presents extraordinary and compelling reasons warranting a reduction of his sentence*

As noted by the Court in its April 19, 2021, Order denying Mack's first motion for compassionate release, he avers "he suffers from diabetes, high cholesterol, and high blood pressure." Apr. 19, 2021, Order at 5. The Court, in its previous order, noted "[n]otwithstanding the fact Mack recently recovered from COVID-19, evidence of his current placement heavily weighs against a determination extraordinary and compelling reasons warrant a reduction in his sentence" as "zero inmates at FCI Edgefield are currently positive for COVID-19." *Id.* The

same is true today. *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Mar. 17, 2022) (showing zero inmates are positive with COVID-19 at FCI Edgefield). The absence of COVID-19 among the inmate population at FCI Edgefield, the Court concludes, is due in part to the strong vaccination efforts of the BOP in general, as well as FCI Edgefield in particular.

The BOP also maintains a website detailing the number of doses of the COVID-19 vaccine it has received and administered. *See COVID-19 Vaccine Implementation*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Mar. 17, 2022) (showing the BOP has administered 306,514 doses out of 338,470 received, nearly a ninety-one percent administration rate). This website also notes the number of "Full Staff Inoculations Completed" as well as "Full Inmate Inoculations Completed" for each BOP facility. *Id.* According to this website, 263 employees of FCI Edgefield have been fully vaccinated, as well as 1,470 inmates. *Id.* And, vaccine doses to inmates are "based on priority of need in accordance with CDC guidelines." *Id.*

To the extent Mack avers his mother and brothers' poor health constitutes an extraordinary and compelling factor justifying a compassionate release, the Court agrees with its sister courts such tragic circumstances fail to reach the required threshold for granting a motion for compassionate release. *See generally United States v. Hooks*, No. 3:18-CR-59-MOC-DCK-1, 2021 WL 796156, at \*3 (W.D.N.C. Mar. 2, 2021) (rejecting compassionate release on grounds that the criminal defendant's mother had terminal cancer); *United States v. Siberio-Rivera*, No. 17-CR-00320-6, 2020 WL 7353367, at \*1 (E.D. Pa. Dec. 15, 2020) (stating that wanting to be released early to care for elderly or ill parents does not rise to the level of an extraordinary and compelling circumstance warranting release).

Accordingly, the Court again concludes Mack fails to establish extraordinary and compelling reasons warrant a reduction in his sentence in light of the extraordinary and successful vaccination efforts of the BOP. Alternatively, even if the Court concluded Mack demonstrated extraordinary and compelling reasons warranted a reduction in his sentence under Section 3582(c)(1)(A), his motion would be denied based on an analysis of the Section 3553(a) factors.

## B.     Whether the Section 3553(a) factors weigh in favor of release

As noted above, the Court, in considering a motion for compassionate release, must consider the factors under 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes by the defendant;" "the kinds of sentences available;" "any pertinent policy statement[;]" "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

The Fourth Circuit recently noted in a published opinion, "the text of 18 U.S.C. § 3582(c)(1) does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release" and "§ 3582(c)(1) merely requires district courts to 'consider[]' the relevant § 3553(a) factors." *United States v. Kibble*, 992 F.3d 326, 331 n.3 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)). Thus, "this language [provides]

the district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release." *Id.*

Here, the Court concludes the Section 3553(a) factors weigh heavily against release for the same reasons as discussed in the April 19, 2021, Order, denying Mack's previous motion for compassionate release. The nature of Mack's offense is serious. The distribution of drugs negatively impacts communities and families throughout this country. Mack also has an extensive criminal history. He "qualified as a career offender due to his prior convictions for distribution of crack cocaine and common law robbery[,]" but the "government withdrew the appropriately filed 851 enhancement[.]" Government's Resp. in Opp'n to Mack's First Mot. Compassionate Release at 10.

Moreover, regarding the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, granting Mack's motion for compassionate release in this instance would result in a windfall to him, as he has served approximately half of his sentence. Lastly, as the Court recently sentenced Mack on August 12, 2020, the balance of the Section 3553(a) factors since his sentencing have not changed in a way that would warrant relief.

Consequently, based on the Court's analysis and balancing of the Section 3553(a) factors, a reduction in sentence to release Mack is inappropriate.

*****

Lastly, although the Court will deny Mack's motion, it commends him for participating in self-help and education programs at FCI Edgefield. *See* Mot. at 1–2 (noting how he has been "certified in culinary arts since [he has] been incarcerated" and has "been programing and

7

working trying to better [him]self for the world."). The Court hopes the benefits of those programs assist him with his eventual release into society.

## IV. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Mack's motion to reduce his sentence is **DENIED**.

       **IT IS SO ORDERED.**

Signed this 17th day of March 2022, in Columbia, South Carolina.

                         s/ Mary Geiger Lewis
                         MARY GEIGER LEWIS
                         UNITED STATES DISTRICT JUDGE